UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
--                                                            :

WILLIAM WHITE,                                                :
                                    Petitioner,               :     ORDER
                                                              :     04 CV 5358 (GBD) (FM)
                                                              :
                                                              :
                        -against-                             :
                                                              :
                                                              :
BRIAN FISCHER, Superintendent, Sing Sing                      :
Correctional Facility                                         :
                                                              :
                                    Respondent.               :
------------------------------------------------------------- x
--

GEORGE B. DANIELS, DISTRICT JUDGE:

        *Pro se* petitioner William White filed a writ of habeas corpus challenging his conviction,

upon a jury verdict rendered on June 30, 2000, for Manslaughter in the First Degree.  Petitioner

argues that: (1) the trial court deprived him of due process by refusing to instruct the jury

regarding a justification defense; (2) the trial court's failure to charge Manslaughter in the

Second Degree as a lesser-included offense of Murder in the Second Degree violated his due

process right to a fair trial; and (3) his trial counsel was ineffective since he failed to secure his

presence (i) during a request for a supplemental charge, (ii) when the court considered and

responded to several juror notes, and (iii) when jury deliberations were suspended for the day.

This matter was referred to Magistrate Judge Frank Maas for a Report and Recommendation

("Report").  Magistrate Judge Maas issued a Report recommending that petitioner's application

should be denied.   This court adopts the Report's recommendations that petitioner's writ of

habeas corpus be denied and that a certificate of appealability not be issued.

        This Court may accept, reject or modify, in whole or in part, the findings and

recommendations set forth within the Report.  28 U.S.C. § 636(b)(1) (2008).  When parties

submit objections to a magistrate's report, the Court must make a *de novo* determination of

those portions of the report to which objections are made. Id.; see also Rivera v. Barnhart, 423 F.Supp.2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See, Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1)(C) (2008). Where there are no objections, the Court may accept the Report provided there is no clear error on the face of the record. See Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985); see also, Heisler v. Kralik, 981 F.Supp. 830, 840 (S.D.N.Y. 1997), aff'd 164 F.3d 618 (2d Cir. 1998).

The magistrate judge found that petitioner failed to present sufficient evidence to support a justification defense. There was no evidence that he reasonably believed that deadly force was necessary, nor any "evidence that he could not have retreated safely." (Report at 15). Magistrate Judge Maas also properly determined that petitioner's claim, that his due process right to a fair trial was violated by the trial court's failure to charge Manslaughter in the Second Degree as a lesser-included offense of Murder in the Second Degree, is without merit. The magistrate judge found that petitioner's ineffective assistance of counsel claim was untimely, and therefore time-barred, since it was not presented in his original habeas corpus petition. (Report at 20). Moreover, Magistrate Judge Maas correctly concluded that, even if it were not time-barred, petitioner's due process claim, based upon his alleged absences from court, is without merit.

In his Report, the magistrate judge advised the parties that failure to file timely objections thereto would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1)(A) (2008); Fed. R. Civ. P. 72(b). Neither party filed objections to the Report and the time to do so has expired. After carefully reviewing the Report, this Court finds that the record is not facially erroneous. Accordingly, the Court adopts the Report and for the reasons stated therein, the writ is hereby denied and the petition dismissed.

As petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue. 28 U.S.C. § 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d. Cir. 1998); United States v. Perez, 129 F.3d 255, 259-060 (2d Cir. 1997); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). Moreover, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Malley v. Corporation Counsel of the City of New York, 9 Fed. Appx. 58, 60 (2d Cir. 2001).

Dated: New York, New York
September 11, 2008

SO ORDERED:

GEORGE B. DANIELS
United States District Judge